UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH W. JONES, Sr., aka JOSEPH JONES-BEY, CDCR #D-41658, Booking #2694589,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE, Director of CDCR;<br>JOHN DOE, Receiver of CDCR,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　11-1963 DMS (PCL)<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(a) AND § 1406(b)** |

　　　Plaintiff, currently detained at the Los Angeles County Jail in Los Angeles, California for unspecified reasons, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. While difficult to decipher, it appears Plaintiff's Complaint seeks to hold officials at the California Department of Corrections and Rehabilitation (CDCR) responsible for "fail[ing] to detox [him]" and releasing him on parole sometime in 2009 while he was still addicted to pain medication. (Compl. at 3.)

/ / /

Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.     Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP

1 ///

2 complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of
3 serious physical injury' at the time of filing.").

**II.     Application of 28 U.S.C. § 1915(g)**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). It appears Plaintiff seeks to sue the Director and a Receiver of the CDCR for failing to properly treat his addiction to pain medication after he was released on parole in September of 2009. (Compl. at 3.) While he is currently detained at the Los Angeles County Jail, Plaintiff does not challenge any current condition of his confinement and does not include any allegation of imminent harm. *Cf. Cervantes*, 493 F.3d at 1055.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff Joseph W. Jones, Sr., Booking No. 2694589, aka Joseph Jones-Bey, CDCR #D-41658, has had four prior prisoner civil actions dismissed in the Central, Southern and Eastern Districts of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)   *Jones-Bey v. Baca, et al.*, Civil Case No. 2:08-cv-02986-UA-FMO (C.D. Cal. Western Div., May 23, 2008) (Order denying request to proceed IFP and dismissing complaint for failing to state a claim) [ECF No. 2] (strike one);

2)   *Jones-Bey v. Harrahs Rincon Hotel & Casino, et al.*, Civil Case No. 3:08-cv-00680-L-CAB (S.D. Cal. July 1, 2008) (Order Granting Motion to Proceed IFP

   and Dismissing Action for failing to state a claim per 28 U.S.C. §§ 1915(e)(2) and 1915A(b)) [ECF No. 3] (strike two);

  3) *Jones-Bey v. Tilton, et al.*, Civil Case No. 2:08-cv–00289-FCD-CMK (E.D. Cal. Nov. 13, 2008 Findings and Recommendations ("F&Rs") re dismissal per 28 U.S.C. § 1915A(b) and FED.R.CIV.P. 8)[ECF No. 17]; (Jan. 6, 2009 Order Adopting F&Rs & Dismissing Action) [ECF No. 18] (strike three); and

  4) *Jones-Bey v. Tilton*, Civil Case No. 2:08-cv-00148-WBS-EFB (E.D. Cal. June 30, 2010 Order re dismissal with leave to amend per 28 U.S.C. § 1915A and FED.R.CIV.P. 8(a)) [ECF No. 14]; (Sept. 22, 2010 F&Rs re dismissal for failing to amend) [ECF No. 17]; (Nov. 9, 1010 Order Adopting F&Rs & Dismissing Action) [ECF No. 18] (strike four).

  Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III. Venue**

  Even if Plaintiff were entitled to proceed IFP, however, his Complaint was filed in the improper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

While Plaintiff's Complaint is not at all clear, it appears to seek damages against two CDCR officials in Sacramento and does not allege that any violation occurred in San Diego or Imperial County. Sacramento is located in the Eastern District of California. *See* 28 U.S.C. § 84(b). Because no claim is alleged to have arisen in either San Diego or Imperial County and no Defendant is alleged to reside here, the Southern District of California is the improper venue for Plaintiff's purported claims. *Id.* § 84(d).

**IV. Conclusion and Order**

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 2] and DISMISSES the action for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a).

The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED: August 30, 2011

_____
HON. DANA M. SABRAW
United States District Judge